# N. Y. COMMON PLEAS.

## SETH DRIGGS agt. SILAS C. SMITH.

### *Contempt in supplementary proceedings.*

The second subdivision of section 292 of the Code only authorizes the proceeding to compel an appropriation of such of the debtor's property, to the satisfaction of the judgment, as he unjustly refuses to apply thereto, when the judgment debtor *resides in the same county with the officer.*

Where the affidavit upon which the order for examination is obtained under this subdivision does not show that the debtor resides in the same county with the officer, but resides out of the state, having a place of business here, the officer does not get any jurisdiction in the proceedings, notwithstanding the defendant's appearance without objection—much less does the officer have power to punish as for a contempt.

MOTION to punish defendant for contempt in supplementary proceedings.

*T. C. Campbell,* for plaintiff.

*C. T. Cromwell,* for defendant.

ROBINSON, *J.*—In *Bingham* agt. *Disbrow;* the court of appeals held that, as the power given by section 292 of the Code was merely statutory, "unless the facts necessary to bring the case within the section are proved, the judge has no jurisdiction, and the mere appearance of the judgment debtor, and his examination without objection, do not confer jurisdiction."

This is a proceeding under the second subdivision of section 292 of the Code, instituted with a view of compelling the

judgment debtor to apply property to the satisfaction of the execution thereon, in the hands of the sheriff. The affidavit on which such order was obtained did not show, as required, that the judgment debtor resided in this county, but, on the contrary, stated that he resided at Wallingford, in the state of Connecticut, and, at most, under various allegations, stated he had a place of business in this city. Upon it the usual order for an examination of the defendant was procured, accompanied with an injunction against his transferring or making any other disposition of his property (not exempt from levy by execution), or in any manner to interfere therewith. While the first subdivision allows the proceeding supplementary to execution, after it has been returned unsatisfied against a defendant who resides or has a place of business in the county to which it has been issued, and against a defendant residing out of the state, when such execution has been issued to the county where the judgment roll or a transcript of a justice's judgment of twenty-five dollars, exclusive of costs, has been filed, this second subdivision only authorizes the proceeding to compel an appropriation of such of the debtor's property to the satisfaction of the judgment, as he unjustly refuses to apply thereto, when the judgment debtor resides in the same county with the officer. Under the authoritative opinion of the court of appeals, in *Bingham* agt. *Disbrow* (*supra*), the affidavit on which this proceeding was instituted conferred no jurisdiction on the officer granting the order, notwithstanding the defendant's appearance without objection, and far more is the defendant justified in making the objection when it is attempted to punish him for contempt.

The proceeding is purely statutory, and not in the course of the common law, or one extending the remedial power of the court to enforce its own judgment, but it is intrusted for its execution to the judges named, upon preliminary proof of a special character. Without such proof of the material facts required to be stated, no jurisdiction exists, and the orders

Driggs agt. Smith.

granted are not alone irregular but void as against the party proceeded against. That which is void is not amendable, and the question of jurisdiction may be raised at any stage of the proceeding (*Grocers' Bank* agt. *Clark*, 31 *How.*, 123, *and cases cited ; Kerr* agt. *Mont*, 28 *N. Y.*, 659).

Without regarding the answer made to the application that the money, for interference with which defendant is sought to be punished for contempt, did not belong to him, but to the principal for whom he was acting, I am of opinion the proceedings should be dismissed, with ten dollars costs.