## LOGAN v. GREENWICH TRUST CO. OF GREENWICH, CONN.

(Supreme Court, Appellate Division, First Department. May 5, 1911.)

1. ABATEMENT AND REVIVAL (§ 63*)—DEATH OF DEFENDANT—CONTINUANCE OF ACTION.

After issuance of summons against a nonresident and valid attachment of his property in the state, whereby, under Code Civ. Proc. § 416, the court acquired jurisdiction, and had control of all subsequent proceedings, liable to be divested by service of the summons by publication not being commenced, as required by section 638, within 30 days after the granting of the warrants of attachment, the defendant died, before the commencement of the publication of summons, but before expiration of the time therefor. *Held*, that section 757, providing that, in case of death of a sole defendant, if the cause of action survives, the court must, on motion, allow the action to be continued against his representative or successor in interest, was applicable.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 320, 321; Dec. Dig. § 63.*]

2. ATTACHMENT (§ 219*)—NATURE OF ACTION.

An action commenced against a nonresident by attachment of his property in the state, and by service of summons by publication, personal service of him not being obtained, and he not appearing, becomes virtually an action in rem against the attached property, out of which alone any judgment for plaintiff can be satisfied.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 753; Dec. Dig. § 219.*]

3. ABATEMENT AND REVIVAL (§ 73*)—CONTINUANCE OF ACTION AGAINST FOREIGN ADMINISTRATOR—"REPRESENTATIVE OR SUCCESSOR IN INTEREST."

Where action against a nonresident was commenced by issuance of summons and attachment of his property in the state, and he then died, his administrator, appointed by a court of the state of his residence, entitled to possession of the property subject to the lien of attachment, in the absence of administration in New York, was his representative or successor in interest, within Code Civ. Proc. § 757, providing that action against a sole defendant, for a cause of action surviving, shall, on his death, be continued against his representative or successor in interest.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. § 403; Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 7, pp. 6110–6115; vol. 8, p. 7785.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

129 N.Y.S.—37

4. ABATEMENT AND REVIVAL (§ 77*)—CONTINUANCE OF ACTION AGAINST AD-
MINISTRATOR—PUBLICATION OF SUMMONS.

Where action against a nonresident was commenced by issuance of summons and attachment of his property in the state, and before commencement of the service of summons by publication he died, and the court substituted, as defendant, his administrator appointed in the state of his residence, the court had authority to order the service by publication to be made on the administrator; it being commenced within 30 days after the granting of the warrant of attachment, as required by Code Civ. Proc. § 638.

[Ed. Note.—For other cases, see Abatement and Revival, Dec. Dig. § 77.*]

5. ATTACHMENT (§ 272*)—VACATION BY DEATH OF DEBTOR.

Where summons issued against a nonresident, and attachment was made of his property in the state, his death before service of summons and the appointment of an administrator for him did not vacate the lien of the attachment, under the principle that a warrant of attachment against an executor or administrator cannot be granted.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 960–963; Dec. Dig. § 272.*]

Appeal from Special Term, New York County.

Action by William J. Logan against the Greenwich Trust Company of Greenwich, Conn., administrator of George P. Sheldon, deceased. From an order vacating a warrant of attachment, an order reviving the action, and an order for judgment, plaintiff appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

John D. Fearhake, for appellant.
Graham Sumner, for respondent.

INGRAHAM, P. J. The plaintiff commenced this action to recover for the conversion by George P. Sheldon, defendant's intestate, of 100 shares of the capital stock of the Phœnix Insurance Company which the plaintiff had loaned to the defendant's intestate and demands judgment for the value of such stock.

The summons was dated on the 15th of December, 1909, and on the 18th of December, 1909, plaintiff obtained from a justice of the Supreme Court a warrant of attachment; defendant being a nonresident. The affidavit upon which the attachment was obtained complied with the Code of Civil Procedure, and there was no question made but that the attachment was regularly granted. On the same day the sheriff of New York county under this warrant of attachment levied upon certain property belonging to the defendant. On the 25th of December, 1909, the defendant died at Greenwich in the state of Connecticut, where he resided, and on the 14th of January, 1910, the defendant, the Greenwich Trust Company of Greenwich, Conn., was appointed administrator of the property of the deceased and duly qualified as such administrator. The Greenwich Trust Company was a corporation organized under the laws of the state of Connecticut. The defendant had not appeared or been served prior to his death, nor had service of the summons by publication been commenced. On the 15th

of January, 1910, plaintiff, upon an affidavit setting forth these facts, obtained an order of the Special Term of the Supreme Court continuing the action against the Greenwich Trust Company of Greenwich, Conn., as administrator of the goods, chattels, and credits of George P. Sheldon, deceased, and substituting said corporation as administrator as the defendant in the place of George P. Sheldon and amending the complaint accordingly. An amended complaint was then filed in which the defendant was the Trust Company as administrator of Sheldon.

On the same day, January 15, 1910, upon an affidavit, stating that this action was commenced against Sheldon and by the issuing of a summons and the granting of a warrant of attachment upon which the sheriff had made a levy upon the property of Sheldon and taken such property into his possession; that upon the 25th of December, subsequent to the levy of the attachment, Sheldon died; that on the 14th of January, 1910, the Greenwich Trust Company of Greenwich, Conn., was appointed administrator of the goods, chattels, and credits of Sheldon; that said Greenwich Trust Company of Greenwich, Conn., as administrator, was by an order of the court duly substituted as defendant in the action in place of the former defendant Sheldon, now deceased; and that the defendant is a foreign corporation doing business in Greenwich, Conn.—an order was obtained directing the service of the summons upon the defendant by publication or allowing at the option of the plaintiff service of the said summons and a copy of the complaint without the state upon the defendant personally and for the deposit of a copy of the summons in a post office directed to the defendant. This summons was duly served by publication as provided for in the order, whereupon on the 26th of April, 1910, upon an affidavit reciting these facts and the service of the summons by publication; that the time for the defendant to appear and answer or demur has expired; and that no appearance, answer, or demurrer had been received—the plaintiff applied to the Special Term and obtained an order for judgment for the amount claimed with interest, and judgment was duly entered against the defendant and in favor of the plaintiff upon that order. Subsequently, and on August 3, 1910, the defendant, appearing specially "on all the papers and proceedings had in the above-entitled matter," moved for an order vacating the warrant of attachment, vacating the order continuing the action against the Greenwich Trust Company as administrator of Sheldon, and the judgment entered therein against the said trust company; this motion being based upon the papers and proceedings had in this action. That motion coming on to be heard, the court upon the original summons and complaint, the order continuing the action, the amended complaint, the order for the service of the summons by publication, the order for judgment and judgment entered thereon, and the affidavits upon which these various orders had been granted, vacated the warrant of attachment; the order continuing and reviving the action against the Greenwich Trust Company as administrator of Sheldon and the judgment entered thereon. And from that order the plaintiff appeals.

[1] It is not disputed by the respondent but that the warrant of attachment was valid when granted, and that the levy under it was a valid levy.   Section 638 of the Code of Civil Procedure provides:

"That the warrant may be granted * * * to accompany the summons. * * * Personal service of the summons must be made upon the defendant, against whose property the warrant is granted, within thirty days after the granting thereof; or else, before the expiration of the same time, service of the summons by publication must be commenced or service thereof must be made without the state, pursuant to an order obtained therefor, as prescribed in this act; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof."

And section 416 of the Code of Civil Procedure provides:

"A civil action is commenced by the service of a summons.   But from the time of the granting of a provisional remedy, 'the court acquires jurisdiction, and has control of all the subsequent proceedings.   Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested, in a case where the jurisdiction of the court is made dependent, by special provision of law, upon some act to be done after the granting of the provisional remedy."

At the death of the original defendant, 30 days not having elapsed after the warrant was granted, the action was pending.   The court had acquired jurisdiction and had control of all the subsequent proceedings when the defendant died.   By section 755 of the Code of Civil Procedure, an action does not abate by any event if the cause of action survives or continues.   Section 757 of the Code of Civil Procedure provides that:

"In case of the death of * * * a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued, by or against his representative or successor in interest."

By the death of the defendant, therefore, the action did not abate, and, the cause of action having survived, the court was required upon motion to compel the action to be continued against the defendant's representative or successor in interest.   It seems to me this case was thus brought directly within this provision by the death of the defendant, the order continuing the action against the defendant's representative or successor in interest was justified, and the court was required by the section of the Code of Civil Procedure before cited to so continue it.

[2] The question is then presented as to who was the defendant's representative or successor in interest.   The action had been commenced against a nonresident, and, under the provision of section 416 of the Code of Civil Procedure, from the time of the granting of the attachment the court acquired jurisdiction and had control of all subsequent proceedings.   While the action in form was in personam and against the defendant, by the levy under the warrant of attachment a lien had been acquired upon certain specific property against which the plaintiff could proceed, and by a recovery of judgment in the action based upon substituted service could cause to be applied to the payment of his judgment the specific property thus levied upon.   In consequence of the failure of the court to acquire jurisdiction over the person of the defendant, he being a nonresident and not within the

state where he could be served with process, the action was in substance an action in rem, although in form an action in personam. All the relief to which the plaintiff would be entitled would be a judgment, under which the specific property which had been levied upon by the sheriff under the attachment, and which was in court held to await final judgment in the action, was applied to the satisfaction of the amount due plaintiff. By the death of the defendant the court could never acquire jurisdiction over him and could thus render no personal judgment against him. But the lien existed; the property upon which the attachment had been levied was under the control of the court; and the court had jurisdiction, by the express provisions of section 416 of the Code of Civil Procedure, to enforce the right acquired by the plaintiff by virtue of the levy of attachment and to cause the property attached to be subjected to the payment of the plaintiff's claim if he succeeded in recovering a judgment.

The situation as it existed at the time of the death of the defendant was before the Supreme Court of the United States in the case of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565. In discussing the power of a state to proceed in an action brought to recover a judgment against a nonresident, where the court has attempted to obtain jurisdiction by the service of process by publication, the court said:

"So the state, through its tribunals, may subject property situated within its limits owned by nonresidents to the payment of the demand of its own citizens against them. * * * It is in virtue of the state's jurisdiction over the property of the nonresident situated within its limits that its tribunals can inquire into that nonresident's obligations to its own citizens, and the inquiry can then be carried only to the extent necessary to control the disposition of the property."

The court then discusses the case of Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, and quotes from the opinion in that case:

"But the plaintiff is met at the commencement of his proceedings by the fact that the defendant is not within the territorial jurisdiction, and cannot be served with any process by which he can be brought personally within the power of the court. For this difficulty the statute has provided a remedy. It says that, upon affidavit being made of that fact, a writ of attachment may be issued and levied on any of the defendant's property, and a publication may be made warning him to appear; and that thereafter the court may proceed in the case, whether he appears or not. If the defendant appears, the cause becomes mainly a suit in personam, with the added incident that the property attached remains liable, under the control of the court, to answer to any demand which may be established against the defendant by the final judgment of the court. But if there is no appearance of the defendant, and no service of process on him, the case becomes in its essential nature a proceeding in rem, the only effect of which is to subject the property attached to the payment of the demand which the court may find to be due to the plaintiff. That such is the nature of this proceeding in this latter class of cases is clearly evinced by two well-established propositions: First. The judgment of the court, though in form a personal judgment against the defendant, has no effect beyond the property attached in that suit. No general execution can be issued for any balance unpaid after the attached property is exhausted. No suit can be maintained on such a judgment in the same court, or in any other. Nor can it be used as evidence in any other proceeding not affecting the attached property. Nor could the costs in that proceeding be collected of defendant out of any other property than that attached in the suit. Second. The court in such a suit cannot proceed unless the officer finds some property of defendant on which to levy

the writ of attachment. A return that none can be found is the end of the case, and deprives the court of further jurisdiction, though the publication may have been duly made and proven in court."

. And the learned judge then proceeds:

"In other words, such service (substituted service by publication) may answer in all actions which are substantially proceedings in rem. But where the entire object of the action is to determine the personal rights and obligations of the defendants—that is, where the suit is merely in personam—constructive service in this form upon a nonresident is ineffectual for any purpose. * * * Except in cases affecting the personal status of the plaintiff; and cases in which that mode of service may be considered to have been assented to in advance, as hereinafter mentioned, the substituted service of process by publication allowed by the law of Oregon and by similar laws in other states, where actions are brought against nonresidents, is effectual only where, in connection with process against the person for commencing the action, property in the state is brought under the control of the court, and subjected to its disposition by process adapted to that purpose, or where the judgment is sought as a means of reaching such property or affecting some interest therein; in other words, where the action is in the nature of a proceeding in rem. * * * It is true that, in a strict sense, a proceeding in rem is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants; but, in a larger and more general sense, the terms are applied to actions between parties, where the direct object is to reach and dispose of property owned by them or of some interest therein. Such are cases commenced by attachment against the property of debtors, or instituted to partition real estate, foreclose a mortgage, or enforce a lien. So far as they affect property in the state, they are substantially proceedings in rem in the broader sense which we have mentioned."

In Penoyar v. Kelsey, 150 N. Y. 77, 44 N. E. 788, 34 L. R. A. 248, the court, in speaking of the effect of a warrant of attachment upon which a levy has been made, said:

"Its present purpose is not to compel appearance by the debtor, but to secure the debt or claim of the creditor. It is a proceeding in rem, and the process may issue, in certain cases, whether the defendant has been served with a summons or not, although inability to serve, through the fault of the defendant, is a ground upon which the warrant may be granted. It exists as a provisional remedy, only when authorized by statute, and, as such, is comparatively recent in its origin."

[3] If the principle established in these cases is sound, we have here an action in form in personam but in reality a proceeding in rem, whereby certain specific property levied on under a warrant of attachment was proceeded against to satisfy the claim of the plaintiff against the original defendant who was the owner of the property. The death of the original defendant prevented the continuation of the action or proceeding as against him. His ownership of the property attached or that was subject to the lien of the warrant of attachment had vested in his personal representatives appointed in the jurisdiction where he had resided. The courts of that jurisdiction having appointed an administrator of the deceased defendant's estate, the title of that administrator to the decedent's property is recognized in this state. Such administrator became the defendant's representative or successor in interest, and, there being no administration in this state, the administrator, being entitled to the possession of the property subject to the lien of the attachment, was the only party who could be substituted for the

original defendant, as the only party in existence who had a title to the property which had been subjected by virtue of the levy under the original attachment with a lien in favor of the plaintiff. And it seems to follow by necessary deduction that the court had power to substitute the successor in interest of the original defendant as the defendant in this action against whom this action should continue, to determine whether or not the property which was subject to the lien obtained by the levy of the warrant of attachment should be applied to the payment of the plaintiff's claim.

[4] The court having therefore quite properly, I think, substituted this successor in interest of the defendant to the property proceeded against, then within 30 days after the granting of the warrant of attachment ordered that the summons should be served upon the substituted defendant by publication. If I am right in the conclusion that the court had power to substitute this administrator of the deceased defendant as defendant in the action, it follows that the court had authority to order the service of the summons by publication upon the defendant in the action, and the publication necessary to complete such service which was commenced within 30 days of the granting of the warrant of attachment. The provision of the Code of Civil Procedure that made the continued jurisdiction of the court contingent upon the commencement of the publication of the summons within 30 days was complied with; the publication of the summons commenced within 30 days of the granting of the writ of attachment; and the court therefore continued its jurisdiction in the action and had control of the subsequent proceedings. The administrator was not required to appear in the action so that the court could render a personal judgment. It could leave the proceeding as one substantially in rem affecting only property which had been levied upon, in which case no judgment could have been entered except one which subjected the property thus levied upon to the payment of the plaintiff's claim. The defendant adopted that course, refused to appear, and the plaintiff then proceeded as I think he had a right to, and obtained a judgment which in effect subjected the property levied upon to the payment of the claim which he had established. The judgment could affect no property of the defendant or no property of the original debtor except that actually levied upon, and which had come within the control of the court and subject to its jurisdiction. But it seems to me that every provision of the Code of Civil Procedure which limits the jurisdiction of the court had been complied with. The court still retained jurisdiction of the subject-matter of the action and still retained control of its proceeding. I can see no reason why the court should refuse to give to its own citizen the right to enforce a lien that he had acquired before the death of the original defendant and subject the property which was subject to the lien of the attachment to the payment of the creditor's claim.

Strange as it may seem, this question has not been directly presented in any controlling authority in this state to which our attention has been called. In Blossom v. Estes, 84 N. Y. 614, an attachment was granted under the old Code of Procedure upon the ground that the

defendant was a nonresident. It had been vacated for the reason that the summons was not personally served or the publication thereof commenced within 30 days from the issuing of the warrant. It was held that the failure to serve the summons within 30 days after the warrant of attachment was granted or to commence the publication thereof vacated the attachment, the correctness of which proposition would seem to be self-evident. In Catlin v. Ricketts, Receiver, etc., 91 N. Y. 668, it appeared that within 30 days after the attachment had been granted the defendant had voluntarily appeared in the action, and it was held that in this case the attachment did not fall for such voluntary appearance and was equivalent to a personal service of the summons. Blossom v. Estes, supra, was expressly limited to a case in which no such personal service had been made or publication of the summons commenced within 30 days of the granting of the warrant of attachment.

[5] It is claimed, however, that this warrant of attachment fell upon the death of Sheldon prior to the time that the summons had been served upon him, upon the principle that a warrant of attachment against an executor or administrator cannot be granted. But the warrant had been granted and a levy made during the lifetime of the debtor, and thus a lien acquired which the plaintiff was clearly entitled to enforce against the defendant or against any one who succeeded to the original defendant's interest in the property. The substantial nature of the action was to enforce the lien upon the property which had been acquired during the lifetime of its owner, and the fact that his personal representative had succeeded to that interest did not vacate the lien or prevent the person that had acquired it from enforcing it. The defendant is not made a party as one against whom a claim is made or to enforce a claim against it or against the estate that it represents. It is simply brought in as the successor in interest of the original defendant in whom was the title to the property levied on, and who has acquired the property subject to the lien to give to it a right to contest the plaintiff's claim that he had acquired a lien upon the property and entitled to enforce it. No obligation exists upon the defendant to appear, and the only result could be that the plaintiff's lien acquired by virtue of the levy under the warrant of attachment would be enforced.

I think, therefore, that a valid lien was created by the levy under the warrant of attachment; that neither the death of the original defendant nor the fact that he had no personal representative appointed in this state dissolved that lien; that the court had power to substitute the present defendant as the successor in interest of the original defendant; that by the commencement of the publication of the summons within 30 days after the warrant of attachment was granted the attachment was not affected or dissolved; and the court below should not have vacated either the warrant of attachment, the order continuing the action, or the judgment subsequently entered.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.