IMPORT CHEMICAL CO. v. FORSTER & GREGORY, Limited.

(Supreme Court, Appellate Division, First Department. April 14, 1916.)

1. PLEADING ⬤⟶247—AMENDMENT—COMPLAINT—SUBSEQUENT CAUSE OF ACTION.

In an action at law plaintiff cannot by amendment set forth in the complaint a cause of action arising subsequent to the commencement of the action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 684, 685; Dec. Dig. ⬤⟶247.]

2. ACTION ⬤⟶64—"COMMENCEMENT OF ACTION"—ATTACHMENT.

Under Code Civ. Proc. § 416, providing that a civil action is commenced by the service of summons, but that from the time of the granting of a provisional remedy the court acquires jurisdiction, when that section is construed in view of the history of the statutes on which it was based and their construction, an action against a foreign corporation for breach

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of contract is begun when the attachment and summons are issued, and plaintiff cannot amend his complaint, so as to include damages for breaches of the contract between the issuance of the summons and the completion of the service by publication.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 725–734; Dec. Dig. ☜64.

For other definitions, see Words and Phrases, First and Second Series, Commencement of Action.]

3. CORPORATIONS ☜669—FOREIGN CORPORATIONS—ACTIONS—"VOLUNTARY APPEARANCE"—DEFENDANT SERVED BY PUBLICATION.

The appearance of a foreign corporation whose property was attached, after service of summons by publication, was not voluntary, and not the equivalent of the commencement of a new action, and does not give the plaintiff the right to amend his complaint, so as to recover damages for breaches of contract between the issuance of the attachment and summons and the completion of the service by publication.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2641, 2642; Dec. Dig. ☜669.

For other definitions, see Words and Phrases, First and Second Series, Voluntary Appearance.]

4. PLEADING ☜367(3)—MOTION TO MAKE MORE DEFINITE—CONCLUSIONS OF LAW.

Where the complaint states the facts relied on as breaches of the contract by the defendant, a motion to make it more definite by stating whether plaintiff relies on actual or anticipatory breaches will not lie, since plaintiff cannot be required to plead conclusions of law or elect on what theory of law to proceed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1177; Dec. Dig. ☜367(3).]

Laughlin, J., dissenting in part.

Appeal from Special Term, New York County.

Action by the Import Chemical Company against Forster & Gregory, Limited. From an order granting defendant's motion to strike certain allegations from the amended complaint and to make other allegations more definite, plaintiff appeals. Order modified, by striking out the portion requiring allegations to make more definite, and affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Henry B. Johnson, of New York City, for appellant.
George N. Hamlin, of New York City, for respondent.

PAGE, J. The plaintiff procured a warrant of attachment against the property of the defendant, a foreign corporation, on November 25, 1914, under which a levy was made upon property of the defendant on December 24, 1914, upon which date an order was granted directing service of the summons by publication. Publication was commenced pursuant thereto on December 26, 1914, and the service was finally completed on February 6, 1915. On February 23, 1915, the defendant appeared in the action by attorney, after which a copy of the complaint was served on its attorney, who, after extensions of time, served an answer on April 23, 1915. Thereafter, and within 20

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

days, the plaintiff served an amended complaint, alleging, in addition to the original cause of action, breaches of the same installment contract upon which the original complaint was based; but these occurred during the interval of time between November 25, 1914, when the attachment was issued, and February 6, 1915, when the service of the summons was completed. The order appealed from strikes from the amended complaint all allegations relating to matters which occurred after November 25, 1914, when the attachment was issued.

[1, 2] It is well settled that in an action at law the plaintiff can only recover upon the state of facts which existed at the time when the action was commenced, and may not, by amendment, set forth in the complaint a cause of action which has subsequently arisen. The difficulty in the present case is to determine at what time the action must be deemed to have been commenced for the purpose of fixing and determining the plaintiff's rights. There is no doubt that, for the purpose of fixing the defendant's time within which to answer, the action will be deemed to have been commenced against him at the date when service by publication was completed, and furthermore that, if the summons is never completely served upon the defendant, the mere issuing of the attachment will not commence an action against him. Unquestionably the general rule under our code practice is as stated in C. C. P. § 416, that an action is commenced by the service of a summons; but there are instances where for some purpose the action is deemed to have been commenced before such service, for instance, under C. C. P. § 399, where delivery to the sheriff for service is equivalent to commencement of the action for the purpose of stopping the running of the statute of limitations.

The provision of C. C. P. § 416, that "from the time of the granting of a provisional remedy the court acquires jurisdiction," remains to be considered. Under the statutes of some states an attachment is an original process for the commencement of the action. In this state, and in most of the states, it is not a writ or process by which the action is commenced, but a mere provisional remedy, ancillary to an action commenced at or before the time the attachment is sued out. 4 Cyc. 398. The action must be commenced, therefore, at or before the time the writ is granted. It was held under the Code of Procedure as originally enacted that, as there could be no action until after the actual service of a summons (section 106), the attachment provided for (section 227) was of no avail against a nonresident unless he could be found within the state. Kerr v. Mount, 28 N. Y. 659. To remedy the difficulty suggested by this decision section 227 of Code of Procedure was amended (Laws 1866, c. 824, § 7):

"And for the purposes of this section an action shall be deemed commenced when the summons was issued."

The court, in pointing out that the statement in Kerr v. Mount, supra, was obiter dicta, held that:

"The amendment made to the 227th section of the Code in 1866 was but a legislative construction or declaration of the law as it previously existed." Webb v. Bailey, 54 N. Y. 164, 166.

When, therefore, the provision of the Code of Procedure was embodied in section 638 of the Code of Civil Procedure, this clause was omitted as unnecessary. Section 416 of the Code of Civil Procedure is based upon sections 127 and 139 of the Code of Procedure which read as follows:

"127. *Actions, How Commenced.* Civil actions in the courts of record of this state shall be commenced by the service of a summons."

"139. *Jurisdiction, Appearance.* From the time of the service of the summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction, and to have control of all the subsequent proceedings. * * * "

In section 416 of the Code of Civil Procedure the provision is:

"A civil action is commenced by the service of a summons. But from the time of the granting of a provisional remedy, the court acquires jurisdiction, and has control of all the subsequent proceedings. * * . * "

When we consider that the writ of attachment is ancillary to the action, and the construction given by the court to the sections of the Code of Procedure, there can be no doubt that the action is to be deemed to be commenced when the summons is issued to accompany the writ of attachment. The jurisdiction that the court acquires is jurisdiction of the subject-matter of the action. If it were merely intended to express the idea that the court acquired jurisdiction of the property attached, the words would be useless, for necessarily an attachment places the property within its jurisdiction. The court cannot acquire jurisdiction of the subject-matter of an action unless an action has been commenced. The subject-matter of the action in the instant case is the breach of contract, and it is of breaches thereof which had at that time been made that the court acquired jurisdiction for the purpose of impounding defendant's property. It is only by reason of a cause of action then existing in the plaintiff that the court had the power to attach defendant's property, for the purpose of making effectual a pending action. The jurisdiction thus acquired is subject to a condition subsequent that service of the summons thereafter be made, in default of which the attachment and the action will fall; but subject to this condition I think the action may be said to be pending. The action at this stage before service of the summons has many other incidents of a pending action. The defendant may appear in the action by serving a notice of appearance, and may move in the action to vacate the attachment, and where the defendant dies after the attachment and before service of the summons the foreign administrator of the defendant may be substituted as the party defendant and the action continued against him, and an order for service of such administration by publication will be granted. Logan v. Greenwich Tr. Co., 144 App. Div. 372, 129 N. Y. Supp. 577, affirmed without opinion 203 N. Y. 611, 96 N. E. 1120. I think, therefore, the order of the Special Term, striking from the amended complaint all matters which arose subsequent to the issuance of the attachment on November 25, 1914, was right, and should be affirmed.

[3] The appearance of the defendant, after this action had been commenced and after service of the summons was completed, was not

voluntary, and related to the action which had already been started. It was not equivalent to the commencement of a new action, and therefore does not affect the question here involved.

[4] The only other portion of the order appealed from is that part which required the plaintiff to make the complaint more definite and certain—

"by setting forth the facts of the remaining allegations with sufficient definiteness to enable it to be determined whether the plaintiff is relying for its cause or causes of action on actual or anticipatory breaches of the alleged contract therein set forth, or both."

If the defendant thought more than one cause of action was stated in the complaint, the motion should have been to require plaintiff to separately state its causes of action. The plaintiff having stated the facts as it alleges they occurred, it cannot be required to set forth the conclusions of law which it deduces from the facts alleged, and to elect upon what theory of law it will proceed.

The order should be modified, by striking out the portion thereof quoted, and, as modified, affirmed, without costs. Settle order on notice.

CLARKE, P. J., and SCOTT and SMITH, JJ., concur.

LAUGHLIN, J. I dissent from the affirmance of the order, in so far as it strikes out all matters subsequent to the issuance of the summons, for I am of the opinion that the action was not commenced until the completion of the publication.