B. C. Schram, as Receiver of First National Bank-
Detroit, Respondent, *v.* May E. C. Keane, Appellant.

Submitted October 7, 1938; decided November 29, 1938.

The following question was certified:

" Is the second separate defense contained in defendant's answer sufficient in law? "

*Harold D. Beatty* for appellant. The action was not commenced until service of the summons was complete on July 9, 1936. (*Paget* v. *Pease,* 17 Civ. Pro. Rep. 234; *Winter* v. *Winter,* 256 N. Y. 113; *Fell* v. *McCready,* 236 App. Div. 390.) The three-year Statute of Limitations is applicable. (*Pufahl* v. *Estate of Parks,* 299 U. S. 217.) The Statute of Limitations began to run on or before June 23, 1933, and not on July 31, 1933; consequently it is a bar to the action. The attempted extensions did not toll the statute. (*Pufahl* v. *Estate of Parks,* 299 U. S. 217; *Blake* v. *Clausen,* 16 Misc. Rep. 400; 10 App. Div. 223; 158 N. Y. 727; *Matter of Furey* v. *Graves,* 148 Misc. Rep. 785; 241 App. Div. 897; 266 N. Y. 415; *Bauserman* v. *Blunt,* 147 U. S. 647; *Braun* v. *Sauerwein,* 10 Wall. 218; *Kirby* v. *L. S. & M. S. R. R. Co.,* 120 U. S. 130.) The three-year Statute of Limitations was not tolled. Defendant's non-residence is not established, but, even if it were, the test as to whether a statute of limitation is tolled is not the residence of the defendant, but is whether she can be served with process, which will vest the court with jurisdiction and enable the entry of judgment. (*Eno* v. *Diefendorf,* 102 N. Y. 720; *Camp* v. *Smith,* 136 N. Y. 187; *Belmont* v. *City of New York,* 191 App. Div. 717; *Holland* v. *Grote,* 193 N. Y. 262; *Helmer* v. *Minot,* 75 Hun, 309; *Nixon* v. *Palmer,* 10 Barb. 175; *Mack* v. *Mendels,* 249 N. Y. 356.)

*Robert L. Loeb* and *Oscar M. Bate* for respondent. The cause of action did not accrue until July 31, 1933, and consequently the action was commenced within three years from the date when the cause of action accrued whether the date of commencement of the action be deemed to be the date when the summons was issued, the date of first publication, or the date upon which

service by publication was complete. (*Cary* v. *Koerner*, 200 N. Y. 253; *Barbour* v. *Thomas*, 86 Fed. Rep. [2d] 510; *Beckham* v. *Hague*, 38 Misc. Rep. 606; *Rankin* v. *Miller*, 207 Fed. Rep. 602; *Deweese* v. *Smith*, 106 Fed. Rep. 438; *McDonald* v. *Thompson*, 101 Fed. Rep. 183; *Thompson* v. *German Ins. Co.*, 76 Fed. Rep. 892; *King* v. *Pomeroy,* 121 Fed. Rep. 287; *Quackenbush* v. *Mapes*, 123 App. Div. 242; *Baker* v. *Leland*, 9 App. Div. 365.) The defense of the Statute of Limitations is not available to the defendant as a bar to the action. (*Curran* v. *Arp*, 141 App. Div. 38; *Meyers* v. *Credit Lyonnais*, 259 N. Y. 399.) The action was commenced when the summons was issued to accompany the writ of attachment on May 13, 1936, and hence the action was commenced within three years after May 16, 1933, the date when the assessment was levied. (*Import Chemical Co.* v. *Foster & Gregory, Ltd.*, 172 App. Div. 406.) This is an action upon an express contract obligation or liability and, therefore, the six-year Statute of Limitations of section 48 of the Civil Practice Act is applicable. (*Barbour* v. *Thomas*, 7 Fed. Supp. 271; 86 Fed. Rep. [2d] 510; 300 U. S. 670; *Schram* v. *Smith*, 97 Fed. Rep. [2d] 662; *Backus* v. *Connelly*, 268 Mich. 495.)

LEHMAN, J. The plaintiff, as receiver of First National Bank-Detroit, has brought an action to compel the defendant to pay an assessment levied upon stockholders pursuant to the provisions of the Federal statutes creating and regulating liability of stockholders of an insolvent bank. The complaint alleges that " on or about the 16th day of May, 1933, J. F. T. O'Connor, the Comptroller of the Currency of the United States, found and declared that it appeared to his satisfaction, in order to pay the contracts, debts and engagements of First National Bank-Detroit, that it was necessary to enforce the individual liability of the stockholders of said bank to the extent hereinafter mentioned, as prescribed in Sections 5151 and 5234 of the Revised Statutes of the United

States, Section 1-C. 156, Act of June 30, 1876, and Section 23, Act approved December 23, 1913, known as the Federal Reserve Act. Said Comptroller of the Currency * * * did levy and make an assessment and requisition upon the shareholders of First National Bank-Detroit for Twenty-five Million Dollars ($25,000,000) to be paid by them on or before the 23d day of June, 1933, which assessment and requisition was amended, on June 20th, 1933, to extend the time of payment to July 14th, 1933, and on July 13th, 1933, was amended to extend the time of payment from July 14th, 1933, to July 31st, 1933." In her answer the defendant pleaded, as part of a second separate defense, " that the alleged cause of action set forth in the complaint did not accrue within the period of three years next preceding the commencement of this action, and is barred by Section 49 of the Civil Practice Act." Upon motion of the plaintiff, that defense was stricken out on the ground that the said defense, consisting of new matter, is insufficient in law. The order striking out the defense was affirmed by the Appellate Division, which granted leave to appeal to this court, certifying the question, " Is the second separate defense contained in defendant's answer sufficient in law? "

The statutes enacted by Congress, which create and regulate the individual liability of the stockholder of a national bank for the debts of the bank and which empower the Comptroller of the Currency to levy an assessment upon stockholders of an insolvent bank, prescribe no period of limitation for the commencement of an action to enforce such liability. In an action brought for that purpose in the courts of this State, the statutory period of limitation of this State is applicable. (*Pufahl* v. *Estate of Parks*, 299 U. S. 217.) The defendant invokes the provisions of section 49 of the Civil Practice Act that " an action against * * * a stockholder of a moneyed corporation, or banking association * * * to enforce a liability created by the common law or by

statute " must be commenced within three years after the cause of action accrued. The plaintiff urges, however, that the cause of action alleged in the complaint is " upon a contract obligation * * * express or implied " to which the six-year period of limitation, provided by section 48 of the act, applies.

In a carefully drawn complaint, the plaintiff has alleged facts which show that the defendant is one of the stockholders of a Michigan corporation formed to control and to conduct the business of First National Bank-Detroit and other banking institutions in Michigan. The corporate structure is complicated, and it is difficult to place in any recognized classification the relation of the dominant corporation and its stockholders toward the banks which it controls. Perhaps the stockholders of the dominant corporation may be treated as stockholders of each subsidiary bank, and, as such, subject to liability created by the statute for their *pro rata* share of the debts of each bank; but there are additional allegations in the complaint that each stockholder of the dominant corporation has, by contract, expressly assumed such liability. We do not pause now to consider whether the action is one to enforce a liability created by statute or to enforce a contract obligation, or perhaps both. (Cf. *Barbour* v. *Thomas*, 86 Fed. Rep. [2d] 510; *Simons* v. *Groesbeck*, 268 Mich. 495; *Strasburger* v. *Schram*, 93 Fed. Rep. [2d] 246.) We assume for the purposes of this appeal that the action is brought to enforce a liability created by statute and is subject to the three-year period of limitation. Even so, we conclude that the cause of action is not barred.

The complaint alleges, and the answer fails to deny, that the defendant is " not a resident of the State of New York." It appears from the new matter in the defense, here challenged, that a warrant of attachment was issued herein on May 13, 1936, and the sheriff attached property of the defendant. On May 22d an order was entered directing service by publication once a week for six suces-

sive weeks. Publication was begun on May 28, 1936, and was completed on July 2, 1936. "For the purpose of reckoning the time within which the defendant must appear or answer, service by publication is complete on the forty-second day after the day of first publication." (Rules Civ. Prac., rule 51.)' The forty-second day after the day of first publication was on July 9, 1936. The defendant argues that no action was "commenced" within the meaning of the Statute of Limitations until service of the summons by publication was "complete" on July 9, 1936, and that on that date the plaintiff's cause of action was barred. The plaintiff argues that after May 13th, when the warrant of attachment was granted, the statutory period of limitation ceased to run.

At least until May 16, 1933, when the Comptroller of the Currency levied an assessment, the plaintiff had no cause of action against any stockholder. (*Pufahl* v. *Estate of Parks, supra.*) Cogent arguments have been advanced that no cause of action accrued thereafter until the date when the assessment became payable. (Cf. *Strasburger* v. *Schram, supra.*) Certainly, an action to compel payment of the assessment commenced on May 13, 1936, would not be barred. The primary question upon this appeal is whether the action was commenced on May 13, 1936, when the warrant of attachment was granted, or on July 9th, the date when service of the summons became complete. If the action was commenced on May 13th no other question need be considered.

There is no authoritative decision upon the question in this State, and since its answer depends primarily upon the proper construction of the statute, decisions in other jurisdictions, construing other statutes, are not very helpful; but see *Flournoy & Epping* v. *Lyon & Co.* (70 Ala. 308, at p. 313; *Slater* v. *Roche* (148 Iowa, 413). "The word 'action,' when applied to judicial proceedings, signifies an ordinary prosecution in a court of justice by a party against another party for the enforcement or protection

of a right, the redress or prevention of a wrong or the punishment of a public offense." (Civ. Prac. Act, § 4.) There can be no "prosecution * * * by a party against another party " until the defendant has been summoned to answer the complaint. An adjudication which is the purpose of an action can be made only where through service of a summons the defendant has received notice and opportunity to be heard. Under our practice, then " a civil action is commenced by the service of a summons " (§ 218).

The law recognizes, however, that at times it may be difficult to serve a summons and that before there can be an adjudication of the controversy, and even before a summons is served, the court must take jurisdiction of an action for the purpose of granting an order of arrest, injunction or attachment as a temporary or provisional remedy for an alleged wrong. " From the time of the granting of a provisional remedy, the court acquires jurisdiction and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested in a case where the jurisdiction of the court is made dependent by a special provision of law upon some act to be done after the granting of the provisional remedy." (Civ. Prac. Act, § 825.) A warrant of attachment may be granted in an action before the summons is served, but in such case " personal service of the summons must be made upon the defendant against whose property the warrant is granted, within thirty days after the granting thereof; or else before the expiration of the same time, service of the summons by publication must be commenced, or service thereof must be made without the state, as prescribed by law; and if publication has been, or is thereafter commenced, the service must be made complete by the continuance thereof." (Civ. Prac. Act, § 905.)

The practical effect of these sections is that from the time that the warrant of attachment is issued, the court

has jurisdiction of the action and all proceedings taken therein, though its jurisdiction remains conditional and its orders provisional, until service of a summons is completed or other required act performed in accordance with the provisions of the statute. We only play with words and draw distinctions which have no support in logic or in practical considerations when we say that until service of a summons, an action is not " commenced," but that before the action is " commenced " the court has jurisdiction of the action conditioned upon its subsequent commencement. An action must have inception, although conditional, before the court can have any jurisdiction in it.

Sections 218 and 825 must be read together. Indeed, before the Civil Practice Act was enacted, they were combined in one section of the Code of Civil Procedure. "A civil action is commenced by the service of a summons. But from the time of the granting of a provisional remedy, the court acquires jurisdiction, and has control of all the subsequent proceedings. Nevertheless, jurisdiction thus acquired is conditional, and liable to be divested, in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act, to be done after the granting of the provisional remedy." (Code Civ. Proc. § 416.) By division of the section into two parts, the Legislature did not change its meaning.

Possible doubt as to the meaning or effect of the section disappears when the section is read in the light of its history. (Cf. *Import Chemical Co.* v. *Forster & Gregory, Ltd.*, 172 App. Div. 406.) The general rule that an action is commenced by the service of a summons is qualified to the extent that the court may grant a provisional remedy in an action even before the service of the summons, and the action must provisionally be deemed commenced from the time of the granting of the provisional remedy, subject, however, to the condition subsequent that within the time allowed by statute the

summons is served. Where there is failure to comply with this condition, the action falls, and with it the provisional remedy; where there is compliance with the condition, the grant of the provisional remedy marks the commencement of the action. So in *Import Chemical Co.* v. *Forster & Gregory, Ltd.* (*supra*) the Appellate Division (first department) held that the plaintiff could not by amendment to the complaint include in an action for breach of contract new allegations of additional breaches of the same contract occurring between the date of the grant of a warrant of attachment and the completion of service of the summons by publication, for the action was " commenced " when the attachment was granted, and could not be enlarged by allegations of wrongs occurring thereafter.

Though, as we have said, there has been no authoritative decision in this court upon the question of whether an action is provisionally " commenced " within the meaning of the Statute of Limitations, at the time when a warrant of attachment is issued, analogous questions have been presented in other cases. So in *Logan* v. *Greenwich Trust Co.* (144 App. Div. 372; affd., 203 N. Y. 611) it was held that an action against a non-resident must be deemed to have been commenced provisionally at the time a warrant of attachment is granted, so that upon the death of the defendant before service of the summons by publication, the action may be revived, the personal representative substituted as a party defendant and an order granted for service of the summons and complaint. The decision there reached is supported by *More* v. *Thayer* (10 Barb. 258); *Thacher* v. *Bancroft* (15 Abb. Pr. 243, 249); but cf. *Barron* v. *South Brooklyn Saw Mill Co.* (18 Abb. New Cases, 352). In other cases, too, the conclusion is based logically upon the premise that from the time a provisional remedy is granted, the action is commenced. (Cf. *Daly* v. *Amberg*, 126 N. Y. 490; *Acker* v. *Hautemann*, 27 Hun, 48.) Practical considera-

tions and juristic concepts alike dictate the conclusion that the Statute of Limitations ceases to run from the time when the court assumes jurisdiction to grant a provisional remedy for an asserted wrong, if thereafter jurisdiction provisionally assumed becomes complete by service of the summons.

On that ground, and perhaps on other grounds too which we do not now consider, the order should be affirmed, with costs, and the question certified answered in the negative.

CRANE, Ch. J., O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order affirmed, etc.