LUCILLE W. BARNES, Plaintiff, *v.* CALVIN BARNES, Defendant.

Supreme Court, Special Term, Kings County, January 7, 1946.

*Murray Ehrlich* for plaintiff.

*Jesse S. Richman* for defendant appearing specially.

KADIEN, J. Application by the plaintiff wife, pursuant to section 1171-a of the Civil Practice Act for the sequestration of

the defendant husband's assets and the appointment of a receiver on the ground that he resides outside the State, to wit, Mexico City, Mexico.

The action about to be commenced is for separation and the summons and complaint are annexed and made part of the application. They have neither been served personally upon the defendant, nor has an order of publication been made. The defendant, appearing specially solely for the purpose of objecting to the jurisdiction of the court upon this application, contends that no order of sequestration may, under section 1171-a of the Civil Practice Act, be made until an action has been commenced; and that since no service of process, as required by the Civil Practice Act, has been made, the application must be denied.

In *Matthews* v. *Matthews* (240 N. Y. 28) the court held that a sequestration order in a case of this character, if not made in a pending action, must be followed by publication commenced within the period provided by the Civil Practice Act where an order of attachment has been granted. Section 905 of the Civil Practice Act provides, in part, that if the warrant of attachment is granted before the summons is served, personal service of the summons must be made upon the defendant against whose property the warrant is granted within thirty days after the granting of such warrant, or before the expiration *of the same time,* service of the summons by substituted service or by publication must be commenced. In *Dimmerling* v. *Andrews* (236 N. Y. 43) it was held that an order for the publication of a summons in an action to recover a sum of money only against a nonresident may not be made except upon proof of seizure of the defendant's property within the State.

From the foregoing, it follows that a sequestration order, as in the case of an attachment, may be made before the service of process, but the jurisdiction of the court is conditional and the order provisional until the service of process is completed or other required acts performed in accordance with the requirements of the statutes in such case made and provided. (*Schram* v. *Keane,* 279 N. Y. 227, 233.)

The motion is accordingly granted.