JAMES C. MacINTYRE et al., as Assignees for the Benefit of Creditors of CONROY GLOVES, INC., Respondents, v. STATE BANK OF ALBANY, Appellant.

Argued March 12, 1954; decided May 20, 1954.

632

*Charles E. Nichols* for appellant.

*Herman S. Axelrod, H. Andrew Schlusberg* and *Maitland M. Axelrod* for respondents.

*Per Curiam.* The judgment should be affirmed insofar as it directs recovery by assignees for the benefit of creditors of preferential payments made to defendant in liquidation of an indebtedness contrary to section 15 of the Stock Corporation Law. That section says nothing about recovery of interest, which has been allowed from January 17, 1949, the date of the last preferential payment. The object of section 15 of the Stock Corporation Law is to aid in the equitable distribution of an insolvent debtor's assets among creditors, and, in order to accomplish this result, it is held that there is an equitable implication that interest shall be paid where a voidable preference is recovered. The Federal courts have held under subdivision a of section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96, subd. [a]) (which also does not mention interest) that in case of a voidable preference, the transferee is chargeable with interest to compensate the other creditors through the bankrupt's estate for being deprived of the property or funds, but, according to the weight of authority, it is allowable only from the date of demand, if there is a demand, otherwise from commencement of suit (*Kaufman* v. *Tredway*, 195 U. S. 271;

*Waite* v. *Second Nat. Bank,* 168 F. 2d 984; *White Co.* v. *Wells,* 42 F. 2d 460; *Levy* v. *Weinberg & Holman,* 20 F. 2d 565, 568; *Elliotte* v. *American Sav. Bank & Trust Co.,* 18 F. 2d 460; *Gould* v. *Nathans,* 1 F. 2d 458. To the same effect are *Wilson* v. *Mitchell-Woodbury Co.,* 214 Mass. 514; *Wilson* v. *Nebraska State Bank,* 126 Neb. 168, 182; *Utah Assn. of Credit Men* v. *Boyle Furniture Co.,* 43 Utah 523; 5 Remington on Bankruptcy [5th ed., 1953], § 2307).

No charge of fraud has been made against defendant. Inasmuch as it does not appear that any previous demand was made, the judgment should be modified by computing interest from April 25, 1950, when this action was commenced, and, as so modified, the judgment should be affirmed, without costs.

The judgment of the Appellate Division and that of the Trial Term should be modified in accordance with this opinion, and, as so modified, affirmed, without costs.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment accordingly.