■ BISCAYNE-GALLOWHUR CORPORATION, Respondent, v. DONALD O. SMITH et al., Appellants.— Judgment entered February 21, 1962 and orders appealed from unanimously modified, on the law, to the extent of computing the interest recoverable only from August 3, 1961, the date of the commencement of the action, and are otherwise affirmed, with costs to plaintiff-respondent. The action was commenced with the granting of a warrant of attachment against the property transferred to defendant-respondent Smith (Civ. Prac. Act, §§ 16, 218, 825, 905; *Schram* v. *Keane*, 279 N. Y. 227, 232–236; *Import Chem. Co.* v. *Forster & Gregory*, 172 App. Div. 406, 409–410; *Logan* v. *Greenwich Trust Co.*, 144 App. Div. 372, 375). In this action under section 15 of the Stock Corporation Law against officers and directors of a corporation for damages resulting from a preferential transfer to one of them, summary judgment was granted and damages assessed including interest computed from the date of the transfer. In the absence of a demand or fraud, interest should be computed from the date of the commencement of the action (*MacIntyre* v. *State Bank of Albany*, 307 N. Y. 630; *Doyle* v. *Levy*, 3 A D 2d 908, affd. 4 N Y 2d 1015). There was concededly no demand and fraud was neither alleged in the pleading nor asserted on the motion. Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.

■ JANICE DE GROES, Respondent, v. ARNOLD DE GROES, Appellant.— Order, entered on April 17, 1962, granting plaintiff's motion for summary judgment and granting plaintiff's motion to dismiss the counterclaim, unanimously affirmed, and the judgment entered on said order on April 25, 1962, is likewise affirmed, with costs to the respondent. We do not reach the question as to whether the cases of *Cohen* v. *Cohen* (3 N Y 2d 813) and *Danann Realty Corp.* v. *Harris* (5 N Y 2d 317) are controlling. In our opinion the affidavits are insufficient to present a triable issue even on the question of the fraud alleged. Nor is there a triable issue raised with respect to the claim of coercion. In *Hanrog Distr. Corp.* v. *Hanioti* (10 Misc 2d 659, 660) Mr. Justice SHIENTAG said that "A shadowy semblance of an issue is not enough to defeat the motion." There is no more than that here. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.

■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and JUNE TEUBAL, Respondent.— Order, entered on November 20, 1961, denying petitioner-appellant's motion to stay arbitration, unanimously modified, on the law, to the extent of remanding the proceeding to Special Term for a hearing on the issue of whether a hit-run vehicle was involved, and is otherwise affirmed, with $20 costs and disbursements to respondent. Special Term correctly held that respondent is an "insured" (Insurance Law, § 167, subd. 2-a). However, the affidavits raise a question of fact whether a hit-run vehicle was involved. That question is not for the arbitrators but for Special Term (*Matter of Rosenbaum* [*Amer. Sur. Co., N. Y.*], 11 N Y 2d 310; *Matter of Motor Vehicle Acc. Ind. Corp.* [*Downey*], 11 N Y 2d 995). Concur — Breitel, J. P., Valente, Stevens, Steuer and Bergan, JJ.