■ JOHN B. ALLEN, Appellant, v AETNA INSURANCE COMPANY, Respondent.—Order and judgment unanimously affirmed, without costs. Memorandum: In an action to recover upon a homeowner's policy of insurance against loss by theft, plaintiff appeals from an order of Special Term denying his motion to strike certain affirmative defenses of defendant carrier, and granting defendant's cross motion for summary judgment. In August, 1972 plaintiff contracted with defendant for a homeowner's insurance policy. Thereafter, on February 15, 1973, within the policy period, certain antique guns were allegedly stolen from plaintiff. On March 25, 1974, 13 months after the alleged theft, plaintiff commenced this action. By its answer defendant asserted as a separate and complete defense to plaintiff's action the failure of plaintiff to commence his action "within twelve months next after inception of the loss" as provided in the policy of insurance (see, also, Insurance Law, § 168, subd 6). Following joinder of issue plaintiff moved to strike defendant's affirmative defense. Plaintiff supported this motion with an affidavit of counsel stating, (1) "That in fact, nowhere in said policy, is there specified that an action must be commenced within a period of one (1) year"; and (2) "This matter was commenced within a period of thirteen (13) months following the date of loss, after much negotiation with the defendant herein. Furthermore, no representative of the defendant ever stated or indicated to the plaintiff herein that he must commence an action against the defendant within the period of twelve months." Defendant carrier cross-moved for summary judgment on the basis of the pleadings and its supporting affidavit. In contrast to plaintiff counsel's conclusory allegations, defendant presented a detailed affidavit from its underwriting manager as well as the agent who sold plaintiff his policy, explaining and refuting plaintiff's allegation that his contract of insurance was incomplete. Special Term's order granting summary judgment for defendant, dismissing plaintiff's complaint, and denying plaintiff's motion to strike defendant's affirmative defense, was in all respects proper. The primary question presented is whether plaintiff's supporting affidavit was sufficient to raise a triable issue of fact, thus precluding summary judgment. As plaintiff's supporting affidavit was devoid of evidentiary facts *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56), containing only "bald conclusory assertions" *(De Groes v De Groes,* 17 AD2d 930), no triable issue of fact was raised rendering summary judgment of dismissal here appropriate (see *Koppers Co. v Empire Bituminous Prods.,* 35 AD2d 906, affd 30 NY2d 609). (Appeal from order and judgment of Erie Supreme Court—summary judgment.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.