OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order pursuant to CPLR 3212 granting summary judgment in favor of the plaintiff (Seagrams), and against the defendant, Bankers Trust Company of Albany, N. A. (Bankers). The action seeks to recover damages allegedly sustained as the result of the failure of said defendant to perform its duty as collecting agent for the plaintiff in connection with 12 shipments of grain to the codefendant, Harry E. Veeder and Sons, Inc. (Veeder). In each instance, bills of lading held by Bankers were obtained by Veeder and thereafter negotiated without payment being received on the drafts that accompanied the bills of lading. Plaintiff acknowledges that it had prior knowledge of Veeder’s misappropriations as early as February of 1980, but asserts that this factor is irrelevant. It argues that it had no duty to warn Bankers Trust to “be *526 careful in dealing with Veeder”. Indeed, under normal circumstances once the documents were delivered to Bankers, the responsibility for their loss must be borne by them (Uniform Commercial Code, §§ 4-501, 4-503, 2-514). In those reported cases where a bank has surrendered a bill of lading prior to the payment of a sight draft, it has been generally held that the bank is liable for losses resulting from the bank’s misconduct (Rothstein Corp. v Kerr S. S. Co., 15 NY2d 897). However, a significant additional question of fact is present in the case at bar which alters these general principles of commercial law.
It is apparent that the activity involved in the appropriation of the bills of lading may constitute criminal conduct under both Federal and State statutes. Bankers is obligated to report any such incidents to the Federal Bureau of Investigation and other regulatory agencies upon learning of the existence of this possibility. As aforesaid, plaintiff admits knowledge that the bills of lading were somehow being appropriated without payment of the corresponding sight drafts. Thus, Bankers is not asserting that the plaintiff should have “told it to be more careful”, but rather that the plaintiff had actual knowledge of the existence of criminal activity, was benefiting directly thereby, and failed to reveal this conduct until it began to suffer financially. In this regard, the affidavits of those persons directly involved from Seagrams vigorously assert that such information was in fact orally communicated to agents for Bankers. However, those employees of Bankers as vigorously assert that no such information was communicated. Indeed, this court would, at best, question the wisdom of a mere oral communication rather than written documentable proof, given the apparent criminal nature of the activity involved.
Bankers was acting as an agent for Seagrams. As such, Seagrams had an affirmative duty to notify Bankers of the alleged criminal activity immediately upon learning of same, rather than when financial losses were incurred. While the Uniform Commercial Code does indeed impose stringent requirements upon Bankers as the collecting bank, Seagrams should not be allowed to profit from Bankers’ failure to comply therewith, if it can be proved that it *527 had actual knowledge of criminal activity and acquiesced therein as long as said acquiescence continued to be profitable. These are most serious charges and summary judgment must be withheld to resolve these factual discrepancies after a full evidentiary trial. Although summary judgment may not be granted where the existence of a question of fact is in doubt or even arguable (Terranova v Emil, 20 NY2d 493; Falk v Goodman, 7 NY2d 87, 91), ‘“A shadowy semblance of an issue is not enough to defeat the motion’ ” (De Groes v De Groes, 17 AD2d 930) and “‘Bald conclusory assertions, even if believable, are not enough’ ” (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259). Absent claim that the facts are not within his control, a party cannot defeat a motion for summary judgment without laying bare his proof in evidentiary form (Di Sabato v Soffes, 9 AD2d 297, 301; Kramer v Harris, 9 AD2d 282; Koppers Co. v Empire Bituminous Prods., 35 AD2d 906, 907, affd 30 NY2d 609).
Accordingly, the motion shall be denied, without costs.