OPINION OF THE COURT
Lawrence E. Kahn, J.
In the above-captioned action, plaintiff seeks summary judgment for the amount demanded in the complaint plus reasonable attorney’s fees.
The facts needed for a resolution of this litigation are not in dispute. On April 24, 1985, plaintiff purchased a 1970 Datsun 280 ZX automobile from defendants for the price of $10,178.95. Thereafter, between April 25 and May 9, 1985, the car broke down six times and was out of service for a total of 15 days. Plaintiff returned the vehicle to defendant’s possession and demanded the return of the purchase price. Defendant has refused to comply, thereby necessitating the instant litigation.
The frustrations outlined by plaintiff after purchase of the vehicle in question are sufficiently detailed in his affidavit in support of the motion for summary judgment. Suffice it to say *507 that the court is particularly sympathetic to the experience of having an automobile continually malfunction. It matters not that defendants now claim that the vehicle has been fixed and in "superior condition”.
General Business Law § 198-b (commonly known as the Lemon Law) has been enacted to provide some measure of relief to purchasers of used vehicles. In essence, the Legislature has determined that, in the game of used car sales, three strikes and you’re out. The statute affords the dealer a reasonable period of time in which to correct a malfunction or defect which substantially impairs the value of the vehicle to the consumer. A presumption that a reasonable opportunity has been afforded exists if the malfunction has been the subject of three or more attempts at repair within the warranty period, but such malfunction or defect continues to exist. The time for determining the existence of the malfunction is when the consumer returns the vehicle for the last time to the dealer. That the car may now be in "superior condition” is of no moment. Plaintiff was absolutely entitled to demand a refund on May 9. This is so despite defendants’ hypotheticals to the contrary. " 'A shadowy semblance of an issue is not enough to defeat the motion’ ” (De Groes v De Groes, 17 AD2d 930). This is particularly so in instances such as the case at bar where prolonged litigation will only serve to defeat the intent of the statute.
The granting of summary judgment in plaintiff’s favor in no way implies deceit or wrongdoing by defendants. In essence, it is the car against which summary judgment has been granted. Upon the submissions before the court, the only logical conclusion is that defendants did indeed attempt to service the recalcitrant vehicle, at their own expense, and as expeditiously as possible. However, their good-faith attempts do not defeat plaintiffs right to redeem the vehicle for the purchase price in the event that the malfunction goes uncorrected as aforesaid.
Finally, counsel for plaintiff shall be awarded the sum of $1,605 as and for reasonable attorney’s fees necessitated in the commencement of a litigation (General Business Law § 198-b [e] [3]).
The motion for an order striking defendants’ answer and counterclaim, and directing the entry of summary judgment as set forth in the notice of motion shall be granted.