OPINION OF THE COURT
Michael W. Duskas, J.
On or about November 15, 1985, Dodds Motor Corporation, a Ford automobile dealership in Gouverneur, New York, sold to the plaintiff a new 1986 Ford Ranger pickup truck. On November 29, 1985, plaintiff returned the vehicle to Dodds complaining of a problem with the transmission and a windshield leak. The windshield was repaired by Dodds, but it referred the transmission difficulties to a transmission special *902 ist for repair. At that time the plaintiff was provided a rental car for his use at no charge.
Due to several reasons, primarily the unavailability of parts and the Christmas season, the truck was not repaired until January 14, 1986, and, therefore, was unavailable to the plaintiff for a period of some 53 days. At the time that it was returned to him plaintiff was advised that the transmission housing had been cracked by the repairer, but that it had been welded and that a new housing had been ordered and would be installed as soon as it arrived. Apparently, the welded housing permitted the truck to be operated normally, and did not interfere in any manner with its performance.
On January 14, 1986, the pickup truck was repaired and available at Dodds, and their representatives contacted the plaintiff advising him that he could pick up the truck. Thereafter, on January 20, 1986, plaintiff did receive the pickup truck, but also on that date either mailed or gave to Dodds a letter stating the following: "I am going to press the lemon law on my 1986 Ford Ranger because of length of service time and quality of work. The only reason I am taking this truck is that I need a vehicle to drive.”
Plaintiff’s attorney subsequently contacted Dodds and also communicated to them that plaintiff was exercising his rights under section 198-a of the General Business Law (Lemon Law) and requested a new vehicle or the return of the purchase price.
A similar request was made to the defendant by plaintiff’s counsel on January 30, 1986, and on February 14, 1986, and a form entitled "Customer Statement” was forwarded to the Ford Consumer Appeals Board. Once again, this form requested relief under the "Lemon Law”.
In February 1986, the new transmission case was received by Dodds and eventually the plaintiff brought the truck to Dodds where the case was installed on April 16, 1986.
The defendant failed to provide any relief to the plaintiff through its Consumer Appeals Board and thereafter this action was commenced by service of a summons in May 1986.
Plaintiff’s complaint alleges a single cause of action under New York General Business Law § 198-a and seeks a reimbursement of the purchase price with interest from November 29, 1985, together with reasonable attorney’s fees and disbursements. The answer of the defendant contains a general denial and in addition alleges that the plaintiff was guilty of *903 culpable conduct which contributed to his damages, that the nonconformity or defect, if any, does not substantially impair the value of the car, and that the nonconformity or defect, if any, or other condition, is the result of abuse, neglect and/or unauthorized modification or alteration of the motor vehicle.
The court now has before it a motion on behalf of the defendant which seeks dismissal of the complaint pursuant to CPLR 3211 (a) (7) or summary judgment pursuant to CPLR 3212. It is the position of the defendant that the Lemon Law is not applicable in this case since the plaintiffs pickup truck has been repaired, was returned to the plaintiff repaired, and that he has continued to use the vehicle since it was returned to him. In particular, the defendant cites section 198-a (c) which provides that relief is available only if the authorized dealers are "unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle”. (Emphasis added.)
It is the position of the plaintiff, however, that subdivision (d) of section 198-a provides a formula by which a "reasonable number of attempts to repair” is calculated. In particular, it provides that a presumption arises that a defect has not been repaired if a vehicle has been out of service for a total of 30 days or more. The very fact that this vehicle was out of service for a period of 53 days, regardless of its eventual repair, should, according to plaintiff, permit him to obtain a return of the purchase price or a new vehicle.
It is obvious that the Legislature in enacting subdivision (d) of section 198-a of the General Business Law intended that a consumer who is burdened with a new car which requires lengthy or repeated repair work be given an opportunity to put an end to his or her inconvenience. Subdivision (d) of section 198-a provides a "presumption” to assist the consumer in establishing that a defect or malfunction exists. Therefore, it has been stated that it is of "no moment” that subsequent to a demand for relief under the Lemon Law the automobile is fixed and in superior condition. (Bouchard v Savoca, 129 Misc 2d 506 [Sup Ct, Albany County 1985].)
The question now before this court is whether or not a consumer, having been deprived the use of his new vehicle for a period in excess of 30 days, may demand a return of the purchase price under section 198-a of the General Business Law, after the vehicle has been repaired.
The uncontroverted proof before the court on this motion is *904 that it was not until after he had been notified that the repairs had been completed and that the car was operable that the plaintiff first demanded relief. The court finds that at the time the plaintiff made his demand for relief under the Lemon Law, the law was inapplicable since the motor vehicle had been repaired. Had the plaintiff demanded this relief on the 31st day that his vehicle was in repair, he would have been entitled to the return of his purchase price or a new vehicle. Admittedly, the vehicle was not repaired on the 31st day. At that time, however, the defendant and its agents would have been required to refund the purchase price or to provide a new vehicle. They would then also be in a position to limit their losses by providing plaintiff with a new vehicle and reselling the repaired truck. By allowing the repairs to be completed, the plaintiff waived his rights under section 198-a. The court finds that subdivision (d) does not create a substantive right to the refund of a purchase price or replacement of a new vehicle in every instance where repairs take longer than 30 days, for to hold otherwise would permit a consumer to accept a repaired vehicle that took longer than 30 days to repair and to thereafter demand a refund of the purchase price at any time in the future. I do not believe that this was the intent of the Legislature, since it is apparent that the Lemon Law was enacted to give quick and sure relief to the purchaser of a defective automobile.
It is the decision of this court, therefore, that the motion of the defendant for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint for failure to state a cause of action be granted, without costs.