OPINION OF THE COURT
Memorandum.
Appeal from order unanimously dismissed.
Judgment insofar as appealed from unanimously reversed without costs, order dismissing complaint as against defendant DaimlerChrysler Corporation vacated, defendant DaimlerChrysler Corporation’s motion to dismiss the action denied, and matter remanded to the court below for the entry of judgment in favor of plaintiff as against defendant DaimlerChrysler Corporation following an assessment of damages.
We note at the outset that the right of direct appeal from the order terminated upon the entry of judgment in this proceeding (Matter of Aho, 39 NY2d 241 [1976]). However, the appeal from the judgment brings up said order for review (CPLR 5501 [a] [1]).
In the instant case, we are called upon to interpret a provision of the New Car Lemon Law (General Business Law § 198-a) which provides remedies to a purchaser, lessee or transferee of a new motor vehicle during the first 18,000 miles of its operation or during the period of two years from the date of its delivery, whichever is the earlier date, where the vehicle does not conform to all express warranties (General Business Law § 198-a [b] [1]). The provision in question provides, in pertinent part, that if, during the prescribed period,
“the manufacturer or its agents or authorized dealers are unable to repair or correct any defect or condition which substantially impairs the value of the motor vehicle to the consumer after a reason *47 able number of attempts, the manufacturer, at the option of the consumer, shall replace the motor vehicle with a comparable motor vehicle, or accept return of the vehicle from the consumer and refund to the consumer the full purchase price or, if applicable, the lease price and any trade-in allowance plus fees and charges” (General Business Law § 198-a [c] [1]).
The statute goes on to provide presumptions that a
“reasonable number of attempts have been undertaken to conform a motor vehicle to the applicable express warranties if: (1) the same nonconformity, defect or condition has been subject to repair four or more times by the manufacturer or its agents or authorized dealers . . . but such nonconformity, defect or condition continues to exist-, or (2) the vehicle is out of service by reason of repair of one or more nonconformities, defects or conditions for a cumulative total of thirty or more calendar days during either period, whichever is the earlier date” (General Business Law § 198-a [d] [1], [2] [emphasis added]).
It is the interpretation of the so-called “repair attempt” presumption which is the subject of the instant appeal.
On June 22, 2000, plaintiff leased and took delivery of a 2000 Chrysler Town and Country from Bayside Chrysler Plymouth Jeep, Inc. (the dealership). In December of 2000, he brought the vehicle into the dealership because the engine was using excessive amounts of oil. Approximately one week later, he returned to the dealership because the engine was still using excessive amounts of oil. The technicians at the dealership confirmed that the oil was low and discovered that oil was leaking past the valve seals, which they replaced. In addition, the spark plug in one of the engine cylinders was found to be fouled and was replaced. In February of 2001, he returned to the dealership again, complaining of excessive oil consumption. They topped off the oil and told him to return after he had driven another 400 miles. Ten days later, plaintiff returned with the vehicle again, and was told that the oil consumption was fine and that there were no leaks. In April of 2001, he brought in the vehicle again and the dealership performed an oil compression test. It was discovered that the spark plug in the same cylinder was again fouled and in fact one of the cylinders had such extensive damage that the engine had to be replaced. The dealership ad *48 vised him that a remanufactured engine was being ordered for installation. Later in April of 2001, plaintiffs counsel sent a letter to the manufacturer, defendant DaimlerChrysler Corporation, informing it of plaintiffs intention to rescind the contract and seeking a refund. In May of 2001, the engine was replaced, and the oil consumption problem appeared to have been resolved. The oil consumption problem and notice of intent to rescind occurred within the first 18,000 miles of the vehicle’s operation and within two years from the date of delivery, and the action was timely commenced in June of 2001, which was within the four-year statute of limitations (see General Business Law § 198-a Q]).
There is no dispute between the parties that plaintiff brought the vehicle to the dealership six times with respect to the oil consumption problem, and that the engine was replaced with a remanufactured engine, in accordance with the manufacturer’s express warranty, on the sixth attempt to repair the condition. There is also no dispute that at the time of trial, in November of 2002, the oil consumption problem had been resolved.
Notwithstanding the holding of the court below that it lacked subject matter jurisdiction over the action, it proceeded to render a decision on the merits, and dismissed the complaint on the alternative ground that the New Car Lemon Law “repair attempt” presumption required that the defect in issue (here, the excessive oil consumption problem) still exist at the time of trial.
With respect to the issue of subject matter jurisdiction, we note that the Court of Appeals has characterized the Lemon Law refund remedy as “an action seeking a rescission and restoration of the status quo ante, similar to an action for restitution, and is equitable in nature” (Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d 175, 183 [1990]). Although the New York City Civil Court does not normally have equity jurisdiction, section 213 of the New York City Civil Court Act permits the court to entertain a rescission or reformation claim provided that the amount in controversy does not exceed $25,000. Since plaintiff was seeking a refund of approximately $13,000, the amount in controversy here did not exceed $25,000, and thus the court below did not lack subject matter jurisdiction (see also General Elec. Capital Auto Lease v D’Agnese, 239 AD2d 462 [1997]; Joseph v Nissan N. Am., 2002 NY Slip Op 50413[U] [App Term, 1st Dept 2002]).
We further find that the court below erred in its interpretation of the relevant “repair attempt” provision. While it is true *49 that there is a paucity of appellate case law on the issue, we may extrapolate from cases which interpret analogous provisions. For example, in Matter of Bay Ridge Toyota v Lyons (272 AD2d 397 [2000]), the Appellate Division, Second Department, in interpreting the “[15] days-out-of-service” presumption of the Used Car Lemon Law (General Business Law § 198-b [c] [2] [b]), held that the presumption was not contingent upon whether the vehicle was “presently operable” at the time of an arbitration hearing (see also Cannon v Newmar Corp., 287 F Supp 2d 222 [US Dist Ct, ND NY 2003] [applying similar provision of General Business Law § 198-a (n) (6) which deals with motor homes]). In fact, in its amicus curiae brief, the Office of the Attorney General, in charge of supervising the Lemon Law arbitration program and responsible for establishing the regulations pursuant to which that program is conducted, points out that it was the Bay Ridge Toyota decision which led the office to review existing policies with respect to both the “30-day” presumption as well as the “repair attempt” presumption, and to conclude that to require proof that a defect continued to exist at the time of an arbitration hearing (as the office had done since 1987) was not consistent with the purpose or language of the statute. As a result, in 2002, the Attorney General revised the standard arbitration forms and instructions to arbitrators, and, in 2003, issued a memorandum to Lemon Law arbitrators indicating that it was changing its prior policy to reflect that, provided all other statutory requirements were met, a consumer might still be entitled to relief under the Used Car Lemon Law if the defect continued to exist after three repair attempts or if the vehicle was out of service for a total of at least 15 days “notwithstanding that the defect was subsequently repaired,” and that the same should apply to the statutory presumptions under the New Car Lemon Law as well.
We deal here, however, with the “repair attempt” presumption. Unlike the language of the “days-out-of-service” presumption, the “repair attempt” presumption contains the phrase “but such nonconformity, defect or condition continues to exist” (General Business Law § 198-a [d] [1]). The question is whether such language supports an interpretation that the defect exist at the time of the arbitration hearing or trial. We hold that it does not (see Matter of Bay Ridge Toyota v Lyons, 272 AD2d 397 [2000], supra). There is nothing in the language of the “repair attempt” presumption which makes such presumption contingent upon the condition of the vehicle at the time of the hearing or trial.
*50 General rules of statutory construction dictate that a statute be construed “according to its natural and most obvious sense, without resorting to an artificial or forced construction” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94). The phrase “but . . . continues to exist” modifies the number of repair attempts required to trigger relief, and is consistent with the “last antecedent rule of statutory construction,” i.e., “that relative and qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding, and are not to be construed as extending to including others more remote, unless such extension is clearly required by a consideration of the entire act” (McKinney’s Cons Laws of NY, Book 1, Statutes § 254). The phrase has nothing to do with the condition of the vehicle at the time of the hearing or trial, and by adding such requirement, the court below has impermissibly engaged in “judicial legislation.” A court may not “supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit[; and] the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended” (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 73, 74).
The purpose of the statute was to impose an obligation upon the manufacturer to repair a defective vehicle within a reasonable time, and to give the consumer a remedy in the event that this obligation is not satisfied. In the instant case, plaintiff notified defendant DaimlerChrysler Corporation of his intention to rescind after the defective condition had been subject to repair four or more times and continued to exist. Such a showing is sufficient under the statute. Under the circumstances presented, we need not reach the issue of whether Lemon Law rights may be waived at all and, if so, what conduct will constitute a waiver, since the issue of waiver was not raised in the court below. Unlike the provisions of the Uniform Commercial Code, which provide that any exercise of ownership by a purchaser who has rejected or revoked acceptance of goods is wrongful against the seller (see UCC 2-602 [2] [a]; 2-608 [3]), the Lemon Law does not require actual tender of the vehicle prior to commencing litigation (see Motor Veh. Mfrs. Assn. of U.S. v State of New York, 75 NY2d at 182-183 [it is sufficient that “plaintiff offers in his complaint to return what he has received and make tender of it upon trial”]).
It is noted that defendant DaimlerChrysler Corporation failed to meet its burden of proving its affirmative defense that the *51 excessive oil consumption condition did not substantially impair the value of the vehicle to plaintiff (see General Business Law § 198-a [c] [3]). Moreover, defendant did not effectively rebut the “repair attempt” presumption. Accordingly, we find that plaintiff is entitled to judgment as a matter of law against defendant DaimlerChrysler Corporation. Consequently, the matter must be remanded to the court below for an assessment of damages in accordance with the formula set forth in the statute (see General Business Law § 198-a [c] [1], [2]).
Pesce, EJ., Patterson and Golia, JJ., concur.