[804 NYS2d 506]

In the Matter of DAIMLERCHRYSLER CORPORATION et al., Appellants, v ELIOT SPITZER, Attorney General of the State of New York, et al., Respondents.

Third Department, December 1, 2005

## APPEARANCES OF COUNSEL

*Rose Law Firm, P.L.L.C.*, Albany (*Justin E. Proper* of counsel), for appellants.

*Eliot Spitzer, Attorney General*, New York City (*Jane M. Azia* of counsel), for Eliot Spitzer, respondent.

*Hiscock & Barclay, L.L.P.*, Albany (*Mark W. Blanchfield* of counsel), for New York State Dispute Resolution Association, respondent.

## OPINION OF THE COURT

CARPINELLO, J.

The issue to be decided in this case concerns the interpretation of the more than two-decade-old statute commonly referred to as the New Car Lemon Law (*see* General Business Law § 198-a). Enacted in 1983 to protect purchasers of new vehicles (*see* L 1983, ch 444; *see also Motor Veh. Mfrs. Assn. of U.S. v State of New York*, 75 NY2d 175, 179 [1990]; *Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 500 [1989]) and remedial in nature, the statute must be liberally construed in favor of consumers (*see Matter of Hynson [American Motors Sales Corp.—Chrysler Corp.]*, 164 AD2d 41, 48 [1990]). Pursuant to the statute, the purchaser of a new vehicle is entitled to obtain a refund or replacement vehicle if a defect or condition which substantially impairs that vehicle's value cannot be corrected "after a reasonable number of attempts" within certain prescribed time periods (General Business Law § 198-a [c] [1]; *see Motor Veh. Mfrs. Assn. of U.S. v State of New York, supra*).[1] Under the statutory scheme, "[i]t shall be presumed that a rea-

---

1. In the event of a dispute arising under the New Car Lemon Law, consumers are given the option of commencing a legal action (*see* General Business Law § 198-a [j]) or submitting the matter to binding arbitration (*see* General Business Law § 198-a [k]). The latter is pursuant to a program established and supervised by respondent Attorney General and operated by respondent New York State Dispute Resolution Association (*see* 13 NYCRR part 300).

sonable number of attempts have been undertaken" (General Business Law § 198-a [d]) if one of two alternative showings are made by a consumer, the first of which is at the heart of this dispute.

Specifically, a presumption arises where a consumer demonstrates that "the same nonconformity, defect or condition has been subject to repair four or more times . . . within [a prescribed period] . . . but such nonconformity, defect or condition continues to exist" (General Business Law § 198-a [d] [1]).[2] The dispute over this particular provision, referred to as the "repair presumption," can be succinctly stated. Petitioners argue that, under a plain reading of the statute, a defect must continue to exist as of any trial or arbitration hearing for a consumer to recover (see n 1, supra). In contrast, respondents argue that a consumer may be entitled to relief under the statutory scheme even though the alleged defect has been remedied by such trial or hearing.[3] Suffice it to say, the numerous lower courts which have considered the issue are split on its resolution (compare Matter of General Motors Corp. v Gurau, Sup Ct, Schenectady County, July 25, 2005, Giardino, J., Matter of General Motors Corp. v Warner, 5 Misc 3d 968 [2004] [Benza, J.], and Matter of General Motors Corp. v Jacobs, Sup Ct, Albany County, Sept. 26, 2003, Malone, Jr., J., with DaimlerChrysler Corp. v Molle, Sup Ct, Albany County, Oct. 19, 2004, McCarthy, J., and General Motors Corp. v Lister, Sup Ct, Albany County, Oct. 13, 2004, Teresi, J.).

In this proceeding, Supreme Court, in a thoughtful and well-reasoned decision (6 Misc 3d 228 [2004]), agreed with respondents' position and dismissed this CPLR article 78 proceeding which sought, in essence, to enjoin respondents from continuing to apply their "new" interpretation (see n 3, supra). Upon our

---

2. The presumption also arises where a consumer demonstrates that a vehicle is "out of service by reason of repair" for 30 or more calendar days (General Business Law § 198-a [d] [2]). Notably, the Second Department has ruled that recovery under this alternative presumption can occur even if the defect is repaired by the time of the trial or hearing (see Matter of Bay Ridge Toyota v Lyons, 272 AD2d 397 [2000]).

3. To be sure, during the first 17 years of the statute's existence, the Attorney General interpreted General Business Law § 198-a (d) in a manner consistent with that now advanced by petitioners. In 2002, however, a decision handed down by the Second Department—Matter of Bay Ridge Toyota v Lyons (supra)—prompted the Attorney General to review, and ultimately revise, its interpretation of the statute by concluding that the existence of a defect at the time of an arbitration hearing or trial was not a prerequisite for consumer relief.

consideration of the matter, we conclude that a consumer need not demonstrate that a vehicle is still defective at the time of a trial or hearing in order to recover under the statute.

Our analysis begins where all statutory interpretation cases begin, namely, with the language of General Business Law § 198-a (d) (1) itself, giving effect to its plain meaning (*see Matter of State of New York v Ford Motor Co., supra; see generally Matter of Malta Town Ctr. I Ltd. v Town of Malta Bd. of Assessment Review*, 3 NY3d 563, 568 [2004]). Here, General Business Law § 198-a (d) (1) provides that a reasonable number of repair attempts is presumed when, after four or more attempts, a defect continues to exist. Because the statute is phrased in the disjunctive, if a defect "continues to exist" *either* after a fourth repair attempt *or* any additional repair attempt, then that consumer has met the repair presumption (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 235, at 401 ["(u)se of the conjunction 'or' in a statute usually indicates that the language is to be construed in an alternative sense"]).[4] On the other hand, if a defect is remedied upon a fourth repair attempt, a consumer has not met the repair presumption.

To be sure, the qualifying phrase "but such nonconformity, defect or condition continues to exist" modifies the language "the same nonconformity, defect or condition has been subject to repair four or more times" (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 254 [last antecedent rule]). In the absence of this qualifying phrase, a consumer could establish the repair presumption by simply proving that the same defect was subject to four repair attempts, even if the fourth repair was successful. Moreover, as found by the Appellate Term of the Second Department, this "phrase has nothing to do with the condition of the vehicle at the time of the hearing or trial" (*Kucher v Daimler-Chrysler Corp.*, 9 Misc 3d 45, 50 [2005]; *see generally Bouchard v Savoca*, 129 Misc 2d 506 [1985] [interpreting similar provision under the Used Car Lemon Law]), and a reading of the statute in such a manner would be tantamount to adding words to it (*see American Tr. Ins. Co. v Sartor*, 3 NY3d 71, 76 [2004] ["(a) court cannot amend a statute by adding words that are not there"]; *see also* McKinney's Cons Law of NY, Book 1, Statutes §§ 73, 74). As aptly noted by the Court of Appeals in a case

---

4. Of note, the phrase "or more" is also found within General Business Law § 198-a (d) (2), indicative that the 30 days out of service provision, like the four repair attempts under the subject provision, is simply the minimum necessary to invoke the presumption.

interpreting the New Car Lemon Law, "[w]e are obligated to insure faithfulness to the protections afforded by the statute so that our rulings do not add jurisprudential insult to the consumer injury sustained by the purchase of a defective and unsatisfactory product" (*Matter of State of New York v Ford Motor Co., supra* at 501). In our view, had the Legislature intended to require the existence of a defect as of the trial or hearing for a consumer to recover under the statutory scheme, it could have easily provided for same.

While petitioners assert that the interpretation advanced by respondents would ignore the words "or more" in the statute, we are unpersuaded. We interpret the inclusion of the phrase "or more" as permitting, although not requiring, a consumer to continue to attempt to have a defect repaired even after the fourth unsuccessful attempt, yet still remain eligible for relief under the statute. This interpretation makes sense given the remedial nature of the statute. Indeed, the average consumer, who is typically obligated to make monthly car payments and rely on the car for employment, should not be forced to continue to drive a defective new vehicle until the date of adjudication simply to preserve his or her rights under the New Car Lemon Law.[5] Nor does the average consumer have the luxury of simply casting a new, albeit defective, vehicle aside while awaiting disposition of a New Car Lemon Law action or proceeding.

To the contrary, most consumers have no other realistic option but to persist in having a defect corrected even after a fourth failed attempt. This persistence—no matter what the motivation—does not make such consumers any less eligible under this presumption, which is clearly established as of the fourth failed repair attempt. Moreover, the triggering of the presumption does not guarantee consumer recovery. Rather, a manufacturer can always demonstrate, in addition to another affirmative defense, that a defect, particularly one ultimately fixed, did not substantially impair a vehicle's value (*see* General Business Law § 198-a [c] [1], [3]).

The statute's legislative history provides additional support for the interpretation that the repair presumption does not

---

**5.** As noted in the Governor's approval memorandum, "[t]his bill represents a major advance in the protection afforded to consumers who purchase motor vehicles. For many consumers, the purchase of an automobile is one of their largest investments and it is important to assure that effective remedies exist when a vehicle is defective and cannot be repaired" (Governor's Mem approving L 1983, ch 444, 1983 McKinney's Session Laws of NY, at 2772).

require a defect to exist at the time of a trial or hearing. To the extent that petitioners contend that it is improper to consider legislative history in this case because the statutory language is "clear and unambiguous," we note that the Court of Appeals has held that "the legislative history of an enactment may also be relevant and 'is not to be ignored, even if words be clear' " (*Riley v County of Broome*, 95 NY2d 455, 463 [2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 124, at 252; *accord Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003]; *see generally Matter of Malta Town Ctr. I Ltd. v Town of Malta Bd. of Assessment Review, supra* at 570 [court's statutory interpretation was "bolstered by the legislative history"]).[6] As noted in the sponsor's memorandum, "[t]his bill contains clearly expressed guidelines to establish the maximum number of repair attempts which can be required prior to a refund or replacement of the car" (Sponsor's Mem, 1983 NY Legis Ann, at 200). Moreover, the legislative history consistently makes clear that a consumer's ability to seek redress under the statute attaches, that is, a presumption of reasonable repair attempts arises, after a fourth unsuccessful repair attempt.

Petitioners' remaining contentions have been considered and are rejected as unpersuasive.

MERCURE, J.P., SPAIN, ROSE and KANE, JJ., concur.

Ordered that the judgment is affirmed, without costs.

---

**6.** The Court of Appeals has also repeatedly recognized in matters of statutory interpretation that " 'legislative intent is the great and controlling principle, and the proper judicial function is to discern and apply the will of the [enactors]. Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history' " (*Matter of ATM One v Landaverde*, 2 NY3d 472, 477 [2004], quoting *Mowczan v Bacon*, 92 NY2d 281, 285 [1998] [citations omitted]).