McCooe, J. (concurring in part and dissenting in part).
I am constrained to agree with the majority opinion as to the issue of the residence of the janitor but disagree as to the issue of the janitor’s proven competence.
Two sections of the Housing Maintenance Code (HMC) are controlling on the janitor residence issue.
Under Housing Maintenance Code (Administrative Code of City of NY) § 27-2053:
“a. The owner of a multiple dwelling shall provide adequate janitorial services.
“b. In a multiple dwelling of nine or more dwelling units, the owner shall either:
*81 “(1) Perform the janitorial services himself or herself, if he or she is a resident owner; or “(2) Provide a janitor-, or
“(3) Provide for janitorial services to be performed on a twenty-four-hour-a-day basis in a manner approved by [HPD].” (Emphasis added.)
Under Housing Maintenance Code § 27-2054:
“The person who performs janitorial services for a multiple dwelling of nine or more dwelling units (other than where the janitorial services are performed on a [24]-hour-a-day basis . . . ) shall reside in or within a distance of one block or two hundred feet from the dwelling, whichever is greater, unless the owner resides in the multiple dwelling.” (Emphasis added.)
The subject multiple dwelling is a 45-unit condominium with 39 residential and 6 professional units which, under the HMC, is not required to have a janitor either live on the premises or within any specific distance from the dwelling solely because the owner (board of managers) is a resident (HMC § 27-2054; see also Multiple Dwelling Law § 83). The HMC does not require a resident owner to have any janitorial skills to satisfy the code so long as it provides a janitor (HMC § 27-2053 [b] [2]).
I am constrained by the clear language of HMC § 27-2054 and the legislative history to agree that this was the intent of the New York City Council as indicated in the Bill Jacket for the former section D26-22.01 of the Administrative Code. The New York City Department of Housing Preservation and Development and the petitioner disagree and would harmonize the statutes to interpret the owner exception in HMC § 27-2054 to apply only if the owner is qualified to act as janitor. Their position is both logical and practical but unfortunately not provided for in the law as written. “A court cannot amend a statute by adding words that are not there” (Matter of DaimlerChrysler Corp. v Spitzer, 26 AD3d 88, 90 [3d Dept 2005], quoting American Tr. Ins. Co. v Sartor, 3 NY3d 71, 76 [2004]). A judge should not rewrite statutes under the guise of interpretation even though it is his opinion that the statute is deficient because it fails to provide “for the protection of the health, safety and welfare of the people of the city” (HMC § 27-2002 [3]). Remedial legislation should be considered.
The trial court found a violation of HMC § 27-2055, entitled “Certification of competency” which applies to a janitor’s *82 qualifications to perform janitorial services including operation of an incinerator, furnace and other machinery. The board of managers was given the opportunity to produce evidence as to the janitor’s competence at the trial and failed to do so. Contrary to what the majority states in its footnote as to HPD saying that the owners’ submission does not present a “problem,” the relevant sentences from the HPD brief read as follows:
“And then, instead of submitting a certification to HPD with a copy to the Court, he simply submitted a certification directly to the Court [R. 102]. That would not necessarily have been a problem if the certification itself had answered the Court’s questions, which it did not. The Friedman Affidavit of June 22, 2004 stated that the two superintendents were competent, but did not state that neither of them served more than 65 units [R. 100].” (Emphasis added.)
The owners’ brief “conceded that the back up superintendent Roberto Pineda serviced more than 65 units” which admittedly would prevent certification.
I would affirm the order on different grounds than the trial court. Compliance with HMC § 27-2053 (b) (2) requires the owner to “[p]rovide a janitor” who is competent. Since the owners have failed to establish the janitor’s competency under HMC § 27-2054, the order should be affirmed.
Gangel-Jacob and Schoenfeld, JJ., concur; McCooe, J.P, concurs in part and dissents in part in a separate memorandum.